# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO FRANKLIN JOHNSON,)
)
    Plaintiff, )
)
v. )   Case No. CV415-137
)
CHATHAM COUNTY )
DETENTION CENTER, )
)
    Defendant. )

## ORDER

Plaintiff filed this 42 U.S.C. § 1983 case on May 13, 2015 (doc. 1) and paid the Court's $400 filing fee on May 29, 2015. However, he sought no summons for Fed. R. Civ. P. 4 service. Nor has he served any defendant within the 120 days that Rule 4(m) demands.[1] The Court thus directs him, within 14 days of the date this Order is served, to show why his case should not be dismissed for violating Rule 4(m).

Note, for that matter, that plaintiff has named as his defendant the Chatham County Detention Center, which is an entity incapable of being

---

[1] Under Fed. R. Civ. P. 6(a)(1)(A), the first day (May 29, 2015) is excluded from the 120-day period, which placed Johnson at Sunday, September 27, 2015, as his Rule 4(m) deadline. But since Rule 6(a)(1)(C) says to exclude Sunday as an "end day," he had until Monday, September 28, 2015, to serve the defendant.

sued. *Logue, Jr. v. Chatham Cnty. Detention Ctr.*, 2010 WL 5769485, at *3 (S.D. Ga. Dec. 29, 2010); *see also Walton v. Garland Cnty. Detention Ctr.*, 2015 WL 1401728 at * 2 (W.D. Ark. Mar. 26, 2015) ("The jail is a building and not a person or a legal entity subject to suit under § 1983."); *Jones v. Vista Detention Facility*, 2015 WL 2152654 at * 3 (S.D. Cal. May 7, 2015) (same); *cf., Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law).

And even though Johnson has paid the filing fee, dismissal is appropriate. *Cuyler v. Aurora Loan Servs., LLC*, 2012 WL 10488184 at * 2 (11th Cir. Dec. 3, 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Woltco de P.R., Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (district courts have inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties); *Machulas v. Lanier*, 2013 WL 6795597 at * 1 (S.D. Ga. Dec. 19, 2013) ("Although plaintiff has paid the filing fee and thus is not proceeding

under 28 U.S.C. § 1915, a paid complaint that is obviously frivolous does not confer subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (quotes, cites and alterations omitted); *Basilio v. Nassau Cnty.*, 2013 WL 6145783 * 3 (E.D.N.Y. Nov. 21, 2013) (same). Plaintiff therefore shall show the Court why his case should not be dismissed on these grounds, too.

**SO ORDERED,** this 7th day of October, 2015.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA